# In the United States Court of Federal Claims

No. 10-473 T
(Filed November 15, 2010)

| | |
|---|---|
| VHS OF PHOENIX, INC. d/b/a  ) | |
| PHOENIX BAPTIST HOSPITAL, ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| Defendant. ) | |

## ORDER

Plaintiff is a teaching hospital that trains medical doctors in residency programs which include, in addition to lectures, more than forty hours a week of supervised patient treatment. Residents receive a stipend from plaintiff ranging from approximately $44,000 to $65,000 annually, depending on experience. Plaintiff's Complaint filed July 23, 2010, contends that its medical residents fall under the "student exception" from liability for FICA taxes in 26 U.S.C. § 3121(b)(10), and seeks a refund of FICA taxes paid for the 2005, 2006 and 2007 tax years on residents' stipends, for a total refund of $433,505.04, plus interest, costs and attorneys' fees.

On September 20, 2010, the government filed its Motion for Enlargement of Time from September 21, 2010 to and including October 21, 2010 "to answer or otherwise respond to the complaint filed in this case." (Mot. for Enlargement, ECF No. 7 at 1.) The motion asserted that additional time was needed to review materials and relayed that plaintiff's counsel's did not object. (*Id.*) The court granted the requested extension. By the extended date, the government had not filed an answer or other response, but on the deadline filed a Motion to Stay, citing the *Mayo Foundation* case pending before the United State Supreme Court, discussed herein, which confronts the validity of a regulation pertinent to the matter presented here.

Section 3121 of the Internal Revenue Code exempts from FICA taxes, amounts paid "for service performed in the employ of . . . a school, college or university, . . . if such service is performed by a student who is enrolled and regularly attending classes at such school, college, or university[.]" 26 U.S.C. §3121(b)(10). Four Circuit Courts of Appeals have held that medical residency stipends were exempt

under this statute and regulations in effect at that time. *United States v. Detroit Med. Ctr.*, 557 F.3d 412, 417-18 (6th Cir. 2009); *United States v. Mem'l Sloan-Kettering Cancer Ctr.*, 563 F.3d 19, 27 (2d Cir. 2009); *Univ. of Chicago Hosps. v. United States*, 545 F.3d 564, 567 (7th Cir. 2008); *United States v. Mount Sinai Med. Ctr. of Fla., Inc.*, 486 F.3d 1248, 1251-53 (11th Cir. 2007).

However, *Mayo Foundation for Medical Education and Research v. United States*, 568 F.3d 675 (8th Cir. 2009), upheld 26 C.F.R. § 31.3121(b)(10)-2(d)(3)(iii) implemented on December 21, 2004 (the "Amended Regulation") that categorically excludes otherwise qualified student services of more than forty hours a week from the statutory FICA student services exemption. Following denial of its petition for rehearing en banc, the taxpayers filed a petition for certiorari to the United States Supreme Court on January 14, 2010. The government filed its brief in opposition to the petition on April 19, 2010. Certiorari was granted on June 1, 2010. 130 S. Ct. 3353 (2010). The government's merits brief was filed on September 27, 2010. Oral argument was held on November 8, 2010.

The Supreme Court's Opinion in *Mayo Foundation* will likely impact the merits of the instant litigation. If the Court affirms *Mayo Foundation* and the forty-hour limitation in the Amended Regulation is upheld, the plaintiff's position in the instant case fails, the government predicts. Regardless, the Supreme Court's Decision will at minimum, inform this matter. Accordingly, the government concludes, proceedings in this case prior to the Supreme Court's guidance would be an unnecessary use of the resources of the court and the parties.

The government predicts a decision in *Mayo Foundation* in early 2011, and requests a stay of all proceedings in this court, including the obligation to file an answer, until forty-five days following the Supreme Court's disposition.

Plaintiff objects to a stay and is willing to continue litigation and address *Mayo Foundation* in the future. If the Supreme Court upholds the Eighth Circuit's holding in *Mayo Foundation*, then except for several months of tax refunds that predate the Amended Regulation, plaintiff concedes its claims here fail. On the other hand, plaintiff points out, there are significant issues in this case that are not presented in *Mayo Foundation*, including:

(1) Whether the Amended Regulation is valid in that it purports to categorically exclude a teaching hospital from the statutory definition of a "school" because the "primary function" of the hospital as a whole is patient care – even though the primary function of its nationally accredited medical residency programs is education and even though teaching hospitals have been permitted to qualify as "schools" for purposes of the exclusion from FICA tax; and

(2) Whether, as a matter of first impression, the United States may recoup amounts it has previously paid to a teaching hospital to partially cover the costs of graduate medical education ("GME"), thereby adjusting cost-reimbursement amounts that were determined with reference to the mandatory base-year scheme established by Congress in the mid-1980's for funding of GME – a scheme that made actual annual costs irrelevant to the reimbursement determination and that was designed to eliminate the need for year-to-year cost determinations (the "Medicare Offset" defense).[1]

Advancement and resolution of these issues could be futile if the Eighth Circuit's validation of the Amended Regulation is upheld. While plaintiff is apparently willing to toss the dice, judicial economy and avoidance of advisory opinions, and needless resolution of subsidiary issues that could be mooted depending on how the Supreme Court rules, support a limited stay, the government asserts.

Nevertheless, as plaintiff observes, RCFC 56(a)(1) allows the filing of a motion for summary judgment sixty days after the filing of the Complaint. That time has expired and plaintiff may proceed accordingly.

---

[1] As plaintiff noted, in two other pending actions raising the same legal issues as in this case, that is the validity of the Amended Regulation as applied to medical residency programs there presented, the government did not file motions to stay, but recently filed Answers and Medicare Offsets. United States Answer and Offset to Plaintiff's Complaint, *VHS Acquisition Subsidiary Number 9, Inc. v. United States*, No. 4:10-cv-11272-FDS (D. Mass. Oct. 12, 2010), ECF. No. 9; United States Answer and Offset to Plaintiff's Complaint, *VHS Acquisition Subsidiary Number 7, Inc. d/b/a Saint Vincent Hospital*, No. 4:10-cv-40146-FDS (D. Mass. Oct. 14, 2010), ECF No. 9. Presumably, the government's pleading here would travel the same path.

Accordingly, it is **ORDERED** that:

(1) While not required, plaintiff remains free to file a motion for partial summary judgment to which the government may respond, or alternatively, **within ten (10) calendar days** of such filing by the plaintiff, supplement its pending Motion to Stay by addressing the particulars as then actually presented in plaintiff's motion;

(2) Plaintiff's request for oral argument contained in its Opposition to the Motion to Stay, ECF No. 10, filed October 29, 2010, is **DENIED** without prejudice to its renewal should the government supplement its pending stay motion;

(3) On or before **December 6, 2010**, defendant shall file its pleading in response to the Complaint. The filing of a Joint Preliminary Status Report under RCFC Appendix A, Paragraph 4 is **STAYED** pending further order of the court; and

(4) The government's Motion to Stay Proceedings, ECF No. 9, filed October 21, 2010, is **DENIED** with respect to the filing provided in (3) and otherwise **DEFERRED** pending the filing of any RCFC 56 motion by plaintiff.

s/ James F. Merow
James F. Merow
Senior Judge